IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 21, 2004 Session

## DARRELL TAYLOR

v.

## ALLSTATE INSURANCE COMPANY

**An Appeal from the Circuit Court for Shelby County**
**No. CT-004937-02    Kay S. Robilio, Judge**

_____

**No. W2003-00341-COA-R3-CV - Filed September 3, 2004**

_____

This is an action to collect on a homeowner's insurance policy. The roof and attic of the plaintiff's home sustained about $9,800 in damages. The plaintiff filed a claim on the homeowner's insurance policy he had purchased from the defendant insurance company. The claim was denied. The plaintiff filed the instant lawsuit to recover the insurance proceeds. After the plaintiff presented his proof, the trial court entered a judgment in favor of the insurance company. The plaintiff now appeals. Based on the sparse record on appeal, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Darrell Taylor, appellant, _pro se._

Howard B. Hayden, Memphis, Tennessee, for the appellee, Allstate Insurance Company.

### OPINION

On June 5, 2002, Plaintiff/Appellant Darrell Taylor ("Taylor") filed a complaint in the Shelby County General Sessions Court against Defendant/Appellee Allstate Insurance Company ("Allstate") for breach of contract. In his lawsuit, Taylor said that he lived in Memphis, Tennessee, and had a homeowner's insurance policy with Allstate. While he was in the process of putting his home up for sale, Taylor asserted, he discovered that the home had sustained $9,806.15 in damages in the roof and attic area, or "from the roof top down." Taylor apparently filed a claim on his insurance policy, and Allstate failed to pay under the policy for damages sustained to Taylor's home.

On August 20, 2002, the General Sessions Court conducted a hearing, and Taylor represented himself _pro se_. The General Sessions Court entered a judgment in favor of Allstate.

Taylor appealed the adverse decision to the Shelby County Circuit Court, still without legal representation. On January 21, 2003, the Circuit Court conducted a bench trial. At the close of Taylor's proof, the Circuit Court held in favor of Allstate.

On February 3, 2003, Taylor filed a notice of appeal from that decision, still *pro se*. On March 14, 2003, the Circuit Court entered a judgment in favor of Allstate consistent with its oral ruling. The judgment did not include any findings of fact, but stated merely that "the *Pro Se* plaintiff had failed to carry his affirmative burden of proof despite the presentation of live testimony . . . ."

On June 9, 2003, Taylor filed a document purporting to be another notice of appeal and "Statement of Evidence." The "Statement of Evidence" stated the following:

> Two witnesses was subpoena [sic] in [advance of the] court date; one arrived 40 minutes into the court hearing that day and the other witness was not, but, was at home when I called him the hour of the court hearing. I told the Judge that the two witnesses was subpoenaed for court, but, either was at the court room at the beginning of the court's opening.

The Statement contained no other information about the witnesses' testimony or any other evidence submitted at trial. On July 2, 2003, Taylor filed a motion to have the Statement of the Evidence approved. On August 21, 2003, Allstate filed a response to Taylor's motion, arguing that the Statement of the Evidence should not be approved because it was untimely filed under Tennessee Rule of Appellate Procedure 24(c).[1] Nothing in the appellate record indicates that the Statement of the Evidence was approved, but we will assume for purposes of this appeal that the Statement of the Evidence submitted by Taylor was in fact approved by the Circuit Court.[2]

The trial court's decision is reviewed *de novo* on the record. Ordinarily, the trial court's findings of fact are presumed to be correct unless the preponderance of the evidence is otherwise. *See Alexander v. Tennessee Farmers Mut. Ins. Co.*, 905 S.W.2d 177, 179 (Tenn. Ct. App. 1995); Tenn. R. App. P. 13(d). In this case, however, the factual findings cannot be reviewed, *de novo* or otherwise, because the record on appeal contains no record of the evidence or of the trial court's findings of fact. *See Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992); *see also Craft v. Forklift Systems, Inc.*, No. M2002-00040-COA-R3-CV, 2003 WL 21642767, at *2 (Tenn. Ct. App. July 14, 2003). In his second notice of appeal, Taylor requested that a transcript of the Circuit Court proceedings be sent to this Court. However, apparently no transcript of the proceedings was

---

[1]Under that rule, the statement of the evidence must be filed within ninety (90) days after the filing of the notice of appeal. Because Taylor had filed his notice of appeal in February 2003, Allstate argued that his June 2002 statement of the evidence was untimely.

[2]Counsel for Allstate conceded in the oral argument in this appeal that Taylor's proposed "Statement of Evidence" was approved by the Circuit Court, and indicated that the appellate record would be supplemented with documentation of such approval. Although the record was not supplemented, we will assume *arguendo* that it was approved.

made, and therefore no such transcript could be filed in this appeal. In addition, although Taylor submitted the "Statement of Evidence," quoted above, presumably approved by the Circuit Court, it does not describe the evidence submitted at trial in any manner that would allow this Court to determine whether the trial court's findings of fact or conclusions of law were correct.

This Court's authority to review a trial court's decision is limited to those issues for which an adequate legal record has been preserved. *Trusty v. Robinson*, No. M2000-01590-COA-R3-CV, 2001 WL 96043, at *1 (Tenn. Ct. App. Feb. 6, 2001). The parties, not the court, bear the burden of ensuring that the record on appeal contains a fair, accurate, and complete account of what transpired in the trial court. *Id.*; *see also Houston v. Mounger*, No. E2002-00779-COA-R3-CV, 2003 WL 22415363, at *2 (Tenn. Ct. App. Oct. 23, 2003) ("It is the settled duty of the appellant to comply with Rule 24(c) to the end that we are assured of a transcript of the proceedings or a statement of the evidence which conveys a fair, accurate and complete account of what transpired in the trial court."). Without a complete record or sufficient statement of the evidence from which to determine whether the trial court acted appropriately, we "must assume the sufficiency of the evidence to support the judgment." *Houston*, 2003 WL 22415363, at *2; *Sherrod*, 849 S.W.2d at 784 (stating that, without an adequate record containing the facts of the case, the court "must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings"). Therefore, under the circumstances, we are compelled to assume that the Circuit Court's decision in favor of Allstate was supported by the evidence submitted at trial.

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant Darrell Taylor,[3] for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[3]Taylor filed a pauper's oath in lieu of an appeal bond.