IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 20, 2010 Session

**CHARLES PARSLEY v. ELMER PRICE**

**Appeal from the Chancery Court for Hawkins County**
**No. 17178     Thomas R. Frierson, II, Chancellor**

**No. E2009-02382-COA-R3-CV - FILED JUNE 24, 2010**

Charles Parsley ("the plaintiff"), proceeding pro se, sued Elmer Price ("the defendant") in the General Sessions Court for Hawkins County. In attempting to allege his cause of action, the plaintiff employed a civil warrant form with the pre-printed designation, "Detainer Summons." The general sessions court transferred the case to the trial court.[1] The trial court correctly concluded that the plaintiff's suit was not a detainer action but rather a suit "in the nature of either quiet title or of ejectment." Following a bench trial on September 22, 2009, the court incorporated its written memorandum opinion into an order and granted "judgment in favor of the defendant." Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Charles Parsley, Mooresburg, Tennessee, appellant, Pro Se.

Elmer Price, Mooresburg, Tennessee, appellee, Pro Se.

---

[1]It is not clear in the record under what authority the case was transferred. However, no issue is raised regarding the transfer.

## MEMORANDUM OPINION[2]

The plaintiff essentially argues, in non-legal language, that the evidence does not support the trial court's judgment or that the evidence preponderates against that judgment. In other words, he basically says "I should have won" and "the defendant should have lost." In order to reach and address the plaintiff's issues and arguments, we must have a transcript of the evidence or a statement of the evidence heard by the trial court. In a document filed by the plaintiff entitled "Notice of Designation of Record," the plaintiff states "[t]here was no court reporter present at the trial." In any event, there is no transcript of the evidence heard by the trial court.

The plaintiff did file what he labeled "Statement of the Evidence Recounting [sic]." This one-page document is essentially a series of arguments made by the plaintiff. For example, he says a named surveyor "[h]as falsely testified while under oath"; that an exhibit "was fabricated" by a witness; that something not identified "shows Mr. Weems [sic] testimony to be false; and "false testimonies complied [sic] while under oath in the bench trial shows a conspiracy to cover[-]up land that has been sold with no legal title." This does not conform to the statement of the evidence contemplated by the Rules of Appellate Procedure. *See* Tenn. R. App. P. 24(c).

The record does contain aerial photographs, TVA plats, surveys, and deeds; but these documents are of no help to the court in the absence of the sworn testimony of the witnesses who testified with respect to these documents. None of these documents are self-explanatory.

A party who takes an appeal and raises issues is responsible for the preparation and filing of a record "as is necessary to convey a fair, accurate and complete account of what transpired [in the trial court] with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b); *see also* Tenn. R. App. P. 24(c) ("The statement [of the evidence] should

---

[2]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal.")

In the absence of a proper record, we "must assume the sufficiency of the evidence to support the judgment." *Taylor v. Allstate Ins. Co*., 158 S.W.3d 929, 931 (Tenn. Ct. App. 2004) (quoting *Houston v. Mounger*, No. E2002-00779-COA-R3-CV, 2003 WL 22415363 at *2 (Tenn. Ct. App. Oct. 23, 2003)). The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant Charles Parsley. Case remanded for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE