IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 20, 2010 Session

## IN RE TYLER M.

**Appeal from the Juvenile Court for Knox County**
**No. E-8523     Timothy E. Irwin, Judge**

---

**No. E2009-01446-COA-R3-JV - FILED JUNE 25, 2010**

---

At an earlier time, *i.e.*, November 1, 2004, the trial court, *inter alia*, ordered Pamela M. ("Mother") to pay Gregory L. E. ("Father"), the then-custodian of their child, Tyler M. ("the Child"), a child support arrearage of $7,920 (through October 31, 2004) and prospective monthly child support of $165 plus $35 to be applied on the arrearage. Over the years that followed, several petitions were filed, the disposition of which are not germane to the issues on this appeal. On November 23, 2005, Mother filed a petition for modification based upon the fact that the Child was then in her custody under an order of the trial court. The trial court entered an order on February 15, 2006, providing that "current support is terminated because [Mother] now has custody of the [C]hild." The record contains a number of subsequent pleadings and orders that also are not relevant to this appeal. Finally, on January 16, 2009, Mother filed a petition for modification seeking "to terminate all arrearage and liquidate arrearage to [F]ather." The trial court entered an order on July 17, 2009, determining that "the arrearage balance was proper based on the fact that child support cannot be modified retroactively." The court did reduce Mother's monthly arrearage payment from $50 to $35. Mother appeals and both sides raise issues. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Pamela M., Memphis, Tennessee, appellant, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and Warren A. Jasper, Senior Counsel, General Civil Division; Nashville, Tennessee, for the appellee, State ex rel. Gregory L. E.

# MEMORANDUM OPINION[1]

The record before us reflects that, with respect to the petition for modification filed by Mother on January 16, 2009 – the matter now before us on this appeal – there was a hearing before a referee on March 16, 2009, and a hearing before the trial court on July 13, 2009. The record does not contain a transcript or statement of the evidence of either hearing. *See* Tenn. R. App. P. 24(b) and (c). It is the responsibility of the parties to provide us with a record that will enable us to reach the issues raised by them. *See **Taylor v. Allstate Ins. Co**.*, 158 S.W.3d 929, 931 (Tenn. Ct. App. 2004). All of the issues raised by Mother and the one issue raised by the State, *i.e.*, that the trial court abused its discretion in reducing Mother's monthly reduction-of-arrearage payment, are factually-driven issues. We cannot address any of these issues in the absence of a transcript or statement of the evidence. ***Id***. In the absence of a record, we "must assume the sufficiency of the evidence to support the judgment." ***Id***.(quoting ***Houston v. Mounger***, No. E2002-00779-COA-R3-CV, 2003 WL 22415363 at *2 (Tenn. Ct. App. Oct. 23, 2003)).

The judgment of the trial court is affirmed.[2] Costs on appeal are taxed to the appellant, Pamela M. Case remanded for collection of costs assessed below.

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]We note in passing that one of Mother's pleadings in this case recites the following:

> Pamela [M.], Respondent, was awarded custody of [the Child] by the Fourth Circuit Court for Knox County, Tennessee on December 2, 2005.
>
> Gregory [L. E.], father, has a monthly child support obligation to Pamela [M.] in the amount of Two Hundred Seventy-Seven ($277.00) Dollars per month and has failed to make a payment since July 3, 2006.

(Paragraph numbering omitted.) At oral argument, Mother, proceeding *pro se*, advised us that Father was in arrears in his support obligation and that he owed her a substantial arrearage. Other than Mother's assertions in her pleading and her statements at oral argument, there is nothing before us to substantiate any of this. By way of dicta, we suggest that it might be worthwhile, and in the interest of justice, for the State to investigate Mother's allegations in this regard. Justice may dictate that Wife is entitled to a credit against her arrearage obligation to Husband in the amount of his child support arrearage to her.

_____
CHARLES D. SUSANO, JR., JUDGE