IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 12, 2010

## BARBARA ANN WYATT v. DELMER COLEMAN WYATT

**Appeal from the Probate and Family Court for Cumberland County**
**No. 09-PF-996     Larry M. Warner, Judge**

**No. E2010-00011-COA-R3-CV - FILED JULY 26, 2010**

In this divorce case, the trial court granted the parties a divorce on stipulated grounds and, pursuant to their agreement, divided the bulk of their property. The parties litigated the issue of how the proceeds from the sale of a piece of improved real estate should be distributed. Following a hearing, at which each of the parties testified, the court awarded Delmer Coleman Wyatt ("Husband") $6,500, the stipulated pre-marital value of the unimproved lot, based upon Husband's ownership of the lot before the parties' marriage. It then divided the remaining net proceeds from the sale of the improved property, *i.e.*, $111,376.37, equally between Husband and his wife, Barbara Ann Wyatt ("Wife"). Husband appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate and Family Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Cynthia Fields Davis, Crossville, Tennessee, for the appellant, Delmer Coleman Wyatt.

Barbara Sabiston Lyle, formerly Wyatt, Beaufort, North Carolina, appellee, Pro Se.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Husband argues in his brief that the trial court erred in awarding Wife $55,688.18 out of the net proceeds from the sale of the improved real property. He claims that the parties were in a short marriage and that they "should be restored to their pre-marriage financial condition." He states in his brief that the "Court's review of the record will reveal that the evidence at [t]rial preponderates against the judgment of the [t]rial [c]ourt."

The record before us does not contain a transcript or statement of the evidence of the proceedings before the trial court on October 28, 2009, at which both parties testified. *See* Tenn. R. App. P. 24(b) and (c). Without a transcript or statement of the evidence, we cannot view the evidence and determine whether Husband is correct when he says that the evidence preponderates against the trial court's judgment. It was the responsibility of Husband to provide us with a record that would enable us to reach his issue. *See **Taylor v. Allstate Ins. Co.***, 158 S.W.3d 929, 931 (Tenn. Ct. App. 2004). In the absence of an appropriate record, we "must assume the sufficiency of the evidence to support the judgment." ***Id***.(quoting ***Houston v. Mounger***, No. E2002-00779-COA-R3-CV, 2003 WL 22415363 at *2 (Tenn. Ct. App. Oct. 23, 2003)).

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Delmer Coleman Wyatt. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and for the collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE