IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 23, 2012 Session

## TERRY MULLINS v. ALFRED L. LOCKE ET AL.

**Appeal from the Chancery Court for Rhea County**
**No. 10593      Jeffrey F. Stewart, Chancellor**

**No. E2011-01395-COA-R3-CV - Filed July 24, 2012**

Terry Mullins ("the Plaintiff") filed this action seeking a declaratory judgment and an injunction to prohibit landowners (collectively "the Defendants") to his south from using a driveway they constructed across his property. Following a bench trial,[1] the court dismissed the Plaintiff's complaint. The court held that the proof established that the Defendants had a prescriptive easement over the Plaintiff's property. The Plaintiff appeals. We remand to the trial court for the purpose of allowing that court to correct a defect in the record.

**Tenn. R. App. P. 3 Appeal as of Right; Case Remanded to the**
**Chancery Court with Instructions**

CHARLES D. SUSANO, JR. J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Andrew F. Tucker, Dayton, Tennessee, for the appellant, Terry Mullins.

Justin C. Angel, Pikeville, Tennessee, for the appellees, Alfred L. Locke, Sidney W. Locke, and William D. Gillespie and wife, Kimberly Gillespie.

---

[1]In their brief, the Defendants state that "the Trial Court granted [the Defendants'] Motion for Directed Verdict *at the conclusion of [the Plaintiff's] proof*." (Emphasis added.) However, the trial court's order of June 8, 2011, from which this appeal was taken, makes no mention of any action taken *at the conclusion of the Plaintiff's proof*, and, in fact, recites that "[t]his cause came to be heard . . . *upon . . . the testimony of the parties in open court . . .*" as well as the pleadings, exhibits and "entire record as a whole." (Emphasis added.) Therefore, we believe the trial court ruled on the case after a plenary bench trial on the merits. Regardless of the posture of this case at the time of the court's decision, we are still persuaded that this case should be remanded to the trial court pursuant to Tenn. Code Ann. § 27-3-128 to correct the record.

# OPINION

## I.

The complaint, as amended, alleges that the Plaintiff owns lots 44 and 83 in Sunset Hills Estate Subdivision in Rhea County. The complaint further alleges that each unit of joint ownership, *i.e.*, (1) the defendants Alfred L. Locke and Sidney W. Locke ("the Locke defendants") and (2) the defendants William D. Gillespie and wife, Kimberly Gillespie ("the Gillespie defendants"), separately owns property that adjoins the Plaintiff's property. Allegedly, the Defendants have encroached upon the Plaintiff's property by building a driveway across it. The complaint references and attaches the deed to the Locke defendants and the deed to the Gillespie defendants and alleges that "the Defendants' deeds reference an easement from Ferguson Lane." We have reviewed the deeds, which are included among the trial exhibits, and they make no mention of any easement other than a standard general disclaimer on the plats referenced in the deeds stating that the conveyance is "subject to all right of ways and easements that may exist." Allegedly, the Defendants built their driveway to connect, across the Plaintiff's property, to Vera Lane. The amended complaint demands a declaration that the Defendants have no right to a driveway across the Plaintiff's property; the Plaintiff further seeks a permanent injunction restraining the Defendants from using the driveway.

As a starting point, we have used trial exhibit 3 as our Figure 1 below. It clearly shows the Plaintiff's lots 44 and 83 as well as Ferguson Lane and Vera Lane. We have made the following editorial changes to the original exhibit: (1) the placement of a zigzag line to show the approximate property line of the Locke defendants, as indicated on the plat attached to their deed; (2) identification of the property of the Locke defendants, as indicated on their deed, by the term "Locke defendants"; (3) identification of the property of the Gillespie defendants, as shown on their deed, by the term "Gillespie defendants"; and (4) the addition of an arrow pointing north. Thus, the Gillespie defendants own a tract that lies generally to the south of lot 41. According to the plat that is attached to the deed to the Locke defendants, they appear to own to the west of the Gillespie defendants.



Figure 1.[2]

The trial judge heard the proof in this case at a bench trial. A transcript of the testimony was not filed. There is only a statement of the evidence submitted by the Plaintiff. The record before us does not reflect that the Defendants objected to the Plaintiff's statement. Thus, the statement of the evidence, plus the exhibits, by default, became the record before us. *See* Tenn. R. App. P. 24(c)&(e) (*if* the defendant makes objections, any differences as to the proof are settled by the determination of the trial judge). The statement of evidence, in pertinent part, states verbatim:

> . . . . According to the deeds of [the Defendants], they have no means of ingress or egress to or from "Vera Drive." Rather, [the Defendants'] deeds reference an easement from "Ferguson Drive." Trial Exhibit 3.
>
> [The Defendants] have readily admitted that they have encroached on [the Plaintiff's] property by building a driveway

---

[2]The line on Figure 1 (1) extending east and then generally north from the east-west zigzag line and (2) appearing under the designation "Gillespie defendants" appears on trial exhibit 3. Its significance, if any, is unknown.

-3-

over and across [the Plaintiff's] Lot 44, as shown by survey of Dock W. Smith dated August 17, 2009. Trial Exhibit 10. However, [the Plaintiff] has not provided any written or verbal permission, license or authority granting [the Defendants] the right to cross over and upon [the Plaintiff's] property. Further, [the Defendants] have presented no written documentation supporting their alleged right of encroachment over [the Plaintiff's] property.

As shown in the respective deeds, [the Defendants] have been deeded and had recorded title to their lands less than twenty (20) years. Trial Exhibit 1 and 5. [The Defendants] have made no claim of ownership of the underlying fee of [the Plaintiff]. Additionally, [the Defendants] have no evidence of proof in the record on appeal that they have used [the Plaintiff's] property prior to their respective ownership.

The Trial Exhibits clearly show that [the Defendants'] property is most easily and logically accessed from "Ferguson Drive." Moreover, an easement exists over Lot 40 which would provide access for [the Defendants] to their property as set forth on the Plat of Record for Sunset Hills Estate Subdivision, as recorded in Plat Book 3, Page 157, Register's Office, Rhea County, Tennessee. Trial Exhibit 3. From the exhibits presented at trial, the Trial Court erred in ruling that [the Defendants] were entitled to encroach and use [the Plaintiff's] property as a driveway for ingress and egress.

In its order disposing of the case, the trial court stated that

a Directed Verdict was found in favor of the Defendants, the terms and provisions are as follows:

* * *

1. That the Defendants . . . have established a prescriptive use for over a fifty (50) year time period in regards to the disputed driveway in this cause, which runs from Vera Drive, . . . crosses a portion of the Plaintiff's real property, known as Sunset Hills Subdivision Lot 44, and leads to the Defendants' real property,

-4-

the extent, dimensions, and location of this driveway and acquired prescriptive easement are set forth in Trial Exhibit 10, which is attached hereto;

2. That the fifty (50) year prescriptive use was established by testimony of the Defendants that they and their privities in estate, have continuously used said driveway to access the family farm and their residences since around 1958;

3. That the aforementioned continuous use of said driveway consisted of access to the family farm for activities such as planting and harvesting corn and tobacco, maintaining livestock, harvesting hay and walnuts, and general maintenance on the family farm since around 1958;

4. That the Defendants currently use the driveway to access their residences, and Defendant Sydney Locke has done so since 1991;

5. That the Plaintiff failed to produce sufficient proof that the Defendants lacked standing to assert their right to a prescriptive easement over the aforeidentified driveway.

6. That the Defendants and their heirs and assigns shall be awarded free and unobstructed right to use the driveway, identified in Trial Exhibit 10, to access their real property and the Plaintiff, his heirs and assigns shall be permanently enjoined from restricting, obstructing, or altering the Defendants and their heirs and assigns from use of the driveway to access their real property;

7. That the Defendants' acquired prescriptive easement to the driveway . . . shall attach to and remain with the [affected] real property in perpetuity . . . .

We have reproduced a portion of exhibit 10 below as our Figure 2:



Figure 2.[3]

II.

The Plaintiff appeals, raising the following issues:

> Whether the trial court erred in awarding an easement to [the Defendants] when no deed references any grant or reservation of an easement or right-of-way.
>
> Whether the trial court erred in reforming the deeds of [the Defendants] when [the Defendants'] deeds clearly show the

---

[3]We recognize that the Dock survey, *i.e.*, our Figure 2, reflects that the disputed encroachment comes from the property of "Alfred Locke" while our Figure 1, *i.e.*, trial exhibit 3, shows the property of the Locke defendants to be some distance to the west of the encroachment. If this discrepancy is relevant, hopefully it will be addressed in a "fair, accurate and complete" statement of the evidence.

legal description and location of the real property of [the Defendants].

Whether [the Defendants] have standing to request an easement across real property of [the Plaintiff] when [the Defendants'] real property does not touch, concern nor is adjacent to [the Plaintiff], and the use of the easement is merely conjectural.

## III.

The trial court, sitting without a jury, incorrectly referred to its disposition in favor of the Defendants at the close of the proof as a "directed verdict." A "motion[ ] for directed verdict[ ] ha[s] no place in [a] bench trial[ ]." *Burton v. Warren Farmers Co-op*, 129 S.W.3d 513, 520 (Tenn. Ct. App. 2002). Since this was a decision following a plenary trial before the court, our standard of review of the court's factual findings is the well-known standard set forth in Tenn. R. App. P. 13(d).

## IV.

We are presented with an anomaly: a decision of the trial court in favor of the Defendants and a statement of the evidence that contains not one bit of evidence – not even a glimmer – in favor of the Defendants' position. As previously noted, the trial court's decision alludes to "testimony of the Defendants." The statement of the evidence makes no mention of *any* testimony by any of the Defendants. The trial court mentions testimony to the effect that the subject driveway had been in use "since around 1958." Again the statement of the evidence is completely silent on the point. The trial court found a prescriptive easement. The statement of the evidence reflects no evidence bearing on the elements[4] of such an easement. Did the trial court just make all of this up "out of whole cloth"? We very seriously doubt that this is the case. The only reasonable conclusion we can reach is that

---

[4]In *Pevear v. Hunt*, we discuss the elements of a prescriptive easement:

> To create a prescriptive easement, the use and enjoyment of the property must be adverse, under a claim of right, continuous, uninterrupted, open, visible, exclusive, with the knowledge and acquiescence of the owner of the servient tenement, and must continue for the full prescriptive period. In Tennessee the prescriptive period is 20 years.

924 S.W.2d 114, 116 (Tenn. Ct. App. 1996) (citations omitted).

there was much evidence presented at trial that did not make its way into the record and, specifically, into the statement of the evidence.

The statement of the evidence prepared and filed by the Plaintiff appears to be only a one-sided, argumentative[5] presentation of the evidence *favorable to the Plaintiff*. That is not the office of a statement of the evidence. The Plaintiff, in his role as the appellant, had the initial responsibility of placing before us a record that is "fair, accurate and complete." **Taylor v. Allstate**, 158 S.W.3d 929, 931 (Tenn. Ct. App. 2004). Based upon the trial court's stated findings, the statement presented by the Plaintiff is not even close to satisfying this criteria.

The Defendants are not blameless in all of this. They had an opportunity and, more significantly, an obligation, to point out to the trial court the deficiencies in the Plaintiff's statement of the evidence. *See* Tenn. R. App. P. 24(f). As far as we can tell, they did nothing.

The statement of the evidence before us is totally insufficient to permit us to properly review the propriety of the trial court's judgment. *See* **Ogle v. Seigler**, E2010-00763-COA-R3-CV, 2011 WL 1434694 at *3-4 (Tenn. Ct. App. E.S., filed Apr. 15, 2011). Therefore, pursuant to the authority of Tenn. Code Ann. § 27-3-128 (2000),[6] we remand this case to the trial court so a proper statement of the evidence[7] can be prepared, filed and transmitted to us. The statement should fairly, accurately and completely reflect the evidence presented to the trial court in this case: who testified, their relationship to the dispute, their relevant testimony, exhibits introduced through them, and the like. Within 30 days of the filing of this opinion, the parties will file a joint statement of the evidence or, if they are unable to agree on a joint statement, each will file a separate statement of the evidence. Within 30 days of the parties' filing(s), the trial court shall review the statements and adopt one, meld the two into one, or

---

[5]The statement of the evidence should contain just that, evidence. The briefs are for arguing one's case.

[6]Tenn. Code Ann. § 27-3-128 provides as follows:

> The court shall also, in all cases, where, in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right.

[7]If a verbatim transcript is available, it should be furnished. *See* Tenn. R. App. P. 24(b).

prepare its own, and file same with the trial court clerk. The clerk will then, within fifteen days of the trial court's filing, transmit same to the clerk of this Court. New briefing will thereafter take place pursuant to the Tennessee Rules of Appellate Procedure. All filings before us will be made under the Court of Appeals' number reflected above. There will be no further oral argument in this case and the original panel before whom the case was argued will remain on the case.

V.

This case is remanded to the trial court pursuant to the provisions of Tenn. Code Ann. § 27-3-128 with instructions.


_____
CHARLES D. SUSANO, JR., JUDGE