# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned On Briefs October 15, 2012  Session

## CHRISTINA LEA WOMBLE  v. LARRY GLEN WOMBLE, II

**Appeal from the Chancery Court for Coffee County**
**No. 10-233      L. Craig Johnson, Judge**

### No. M2011-00605-COA-R3-CV - Filed November 30, 2012

Husband appeals from an order of the trial court granting Wife a divorce and making a distribution of marital property.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

DAVID R. FARMER, J.,, delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Larry Glen Womble, II, *Pro se.*[1]

## OPINION

Christina Lea Womble (Ms. Womble) filed a complaint for divorce charging Larry Glen Womble, II, (Mr. Womble) with inappropriate marital conduct and alleging, in the alternative, that irreconcilable differences exist between the parties entitling her to a divorce pursuant to Tennessee Code Annotated section 36-4-104(14).  It is further alleged that no children have been born of this marriage.  The complaint further sought the equitable division of personal and real property as well as a division of debts.  Mr. Womble answered the complaint denying that he had been guilty of any conduct which constitutes inappropriate marital conduct or other grounds for divorce and admitting that the parties have irreconcilable differences.

Following an order of recusal, the case was assigned to the Honorable L. Craig Johnson.  An agreed order was entered to waive mediation and the matter was set for trial December 2, 2010.  However, the final decree of divorce reflects that the matter came to the

---

[1]The Appellee, Christina Lea Womble, did not file a brief.

be heard on the 28th day of December, 2010. In response to a post-trial motion filed by Wife, the court entered an order modifying the sale of the marital home and distribution of marital property. At some point in time which is not clear from the record, Mr. Womble became self-represented.

Mr. Womble is likewise self-represented on appeal. While we afford pro se litigants a significant amount of leeway, *Young v. Barrow*, 130 S.W.3d. 59, 63 (Tenn. Ct. App. 2003), we may not excuse them from adhering to the same procedural rules and substantive law applicable to all parties. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988).

Mr. Womble filed what purports to be a statement of the evidence consisting of some seven (7) handwritten pages. No objection was filed. This comes as no surprise as the document does not contain a certificate of service as required by Tenn. R. App. P. 24(c). The record does not reflect that the trial court took any action to either approve or reject it. The document is in narrative form and contains scant references to evidence that was presented to the trial court.

As the appellant in this cause, Mr. Womble bears the primary burden of "supply[ing] a complete and accurate record" to support his arguments on appeal. *Church v. Church*, 346 S.W.3d 474, 486 (Tenn. Ct. App. 2010) (quoting *Nichols v. State*, No. W2009-00590-CCA-R3-PC-2010 WL 669225, at *5 (Tenn. Crim. App. Feb. 25, 2010)); *see* Tenn. R. App. P. 24(b)). Rule 24 of the Tennessee Rules of Appellate Procedure provides that, if a transcript of the evidence below is available, the appellant shall prepare the "transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the basis of appeal." Tenn. R. App. P. 24(b). Where no such transcript is available, "the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(c). The Rule also requires that "[p]roof of service shall be filed with the clerk of the trial court with the filing of the statement." *Id*. Under Rule 24, the appellee then has 15 days in which to file objections to the appellant's statement of the evidence. If no objections are filed within this 15-day period, "[t]he trial judge shall approve the transcript or statement of the evidence and shall authenticate the exhibits as soon as practicable" after expiration of the 15-day period or "in all cases within thirty days after the expiration of said period for filing objections." Tenn. R. App. P. 24(f). If the trial judge does not act within this time period, the "statement of the evidence and the exhibits shall be deemed to have been approved and shall be so considered by the appellate court." *Id*.

Even assuming, without deciding that the Statement of the Evidence must be "deemed approved" by the trial court's inaction under Rule 24, we will not consider it as a true and accurate description of what transpired in the trial court if it is deficient on its face. Rule 24 provides expressly that the statement of the evidence "should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(c) The rule contemplates that any disputes over the accuracy of a proposed statement of the evidence will be resolved by the trial court. This is for good reason, of course; the appellate court cannot know what took place at trial apart from what is in the appellate record. Where, however, the trial court has not taken action with respect to a proposed statement of the evidence, this Court cannot accept the proposed statement of the evidence blindly where a review of the rest of the record shows plainly that it does not "convey a fair, accurate and complete account of what transpired" in the trial court below.

In this case, our review of the appellate record as a whole indicates that, on its face, the "Statement of the Evidence" filed by Mr. Womble does not "convey a fair, accurate and complete account of what transpired" in the trial court below.

We are left with only the technical record filed in this appeal. This contains the parties' pleadings, the trial court's orders, and the exhibits entered into the record at trial. "This Court's authority to review a trial court's decision is limited to those issues for which an adequate legal record has been preserved." *Taylor v. Allstate Ins. Co.*, 158 S.W.3d 929, 931 (Tenn. Ct. App. 2004) (citing *Trusty v. Robinson*, No. M2000-01590-COA-R3-CV, 2001 WL 96043, at *1 (Tenn. Ct. App. Feb. 6, 2001)). Having only the technical record to review, we are compelled to presume that any proper recording of the evidence submitted at trial would have supported the trial court's decision. *Sherrod v. Wix*, 849 S.W.2d 780, 784 (Tenn. Ct. App. 1992). Therefore, we affirm the trial court's decision in this matter. Costs on appeal are taxed to the Appellant, Larry Glen Womble, II, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE