# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs August 2, 2012

## REED'S TRACK HOE & DOZIER SERVICE
### v.
## TERRY PATRICK DWYER

**An Appeal from the Circuit Court for Obion County**
**No. CC-11-CV-279      William B. Acree, Jr., Judge**

---

**No. W2012-00435-COA-R3-CV - Filed December 7, 2012**

---

This is a breach of contract case. The defendant entered into an oral contract with the plaintiff to demolish a dilapidated building. After the building was demolished, the defendant disputed the amount charged by the plaintiff and so refused to pay the plaintiff for his work. The plaintiff filed this lawsuit against the defendant alleging breach of contract. After a bench trial, the trial court held that the parties had entered into an oral agreement under which the plaintiff would be paid hourly for the demolition services, and that the defendant owed the plaintiff for the time spent on the job at the rates claimed by the plaintiff. The defendant now appeals. The appellate record does not contain a transcript; it contains only a statement of the evidence submitted by the defendant and not acted on by the trial court. We decline to consider the appellant's proposed statement of the evidence, on the basis that, on its face, it does not convey a fair, accurate, and complete account of what transpired in the trial court as required under Rule 24 of the Tennessee Rules of Appellate Procedure. Left only with the technical record, we must assume that the evidence presented at trial supported the trial court's decision. On this basis, the trial court's decision is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Terry Patrick Dwyer, Defendant/Appellant, *pro se*

Danny H. Goodman, Jr., Tiptonville, Tennessee, for the Plaintiff/Appellee, Reed's Track Hoe & Dozier Service

**OPINION**

**Facts and Proceedings Below**[1]

James "Jim" Reed and Melvin Reed (collectively, "the Reeds") own Plaintiff/Appellee Reed's Track Hoe & Dozier Service ("Reed's Track Hoe"), an excavation business in Hornbeak, Obion County, Tennessee. Defendant/Appellant Terry Patrick Dwyer owned a building in Hornbeak that had been determined to be a danger to the public, so he sought to have it demolished. To this end, on approximately May 4, 2011, Mr. Dwyer contacted Roger Parsons,[2] an employee of Reed's Track Hoe, to do the demolition. Mr. Parsons and Mr. Dwyer verbally discussed the terms of the engagement but did not put them in writing. The terms of their oral agreement is the subject of the dispute in this case.

The parties' respective versions of the terms of the oral agreement are quite different and cannot be reconciled. In the trial court below, Reed's Track Hoe claimed that Mr. Parsons told Mr. Dwyer that he worked for Reed's Track Hoe, and that the company would bill Mr. Dwyer for Mr. Parsons' services on an hourly basis. Jim Reed claimed that the parties agreed that the amount charged per hour would vary according to the service provided: $125 per hour and $100 per hour for dozer work, and $100 per hour for dump-truck work.

In contrast, Mr. Dwyer asserted that he did not know that Mr. Parsons worked for Reed's Track Hoe. Mr. Dwyer claimed that he entered into an agreement with Mr. Parsons personally, and he denied that he entered into any sort of agreement with the Reeds or Reed's Track Hoe. According to Mr. Dwyer, he asked Mr. Parsons to tear down only two walls of the building, because the building was already partly demolished. As part of the deal, Mr. Dwyer claimed, he agreed to give Mr. Parsons windows from the dilapidated building, which Mr. Dwyer valued at $1,200 (four windows at $300 each). Mr. Dwyer insisted that these windows were given to Mr. Parsons as a "fair exchange" for his demolition services. Mr. Dwyer also agreed to pay Mr. Parsons $800 for his gasoline expenses in connection with the demolition. He claimed that he did not agree to pay Mr. Parsons to remove the debris from the demolition; according to Mr. Dwyer, Mr. Parsons voluntarily removed the demolition debris in order to give the debris to someone else who needed it to build up his yard. Based on all of this, Mr. Dwyer claimed that he owed no more than $2,000 for the demolition.

---

[1] Our recitation of the facts in this case is taken from the information in the Technical Record and the trial court's order. The extent to which we have considered the facts set out in the Statement of the Evidence filed by Mr. Dwyer is addressed below.

[2] The trial court referred to this individual as "Roger Parsons," but Mr. Dwyer refers to him as "Roger Parson." In this opinion, will refer to him by the surname used by the trial court.

Regardless of the terms of the oral agreement between Mr. Dwyer and Mr. Parsons, the sparse evidence in the record shows that Mr. Parsons in fact demolished Mr. Dwyer's building, and that Mr. Parsons hauled the demolition debris from the location. After the demolition, but before Mr. Dwyer paid any money to Mr. Parsons, Jim Reed went to Mr. Dwyer's home to collect payment for Mr. Parsons' demolition services performed as an employee of Reed's Track Hoe. Jim Reed claimed that Mr. Dwyer owed Reed's Track Hoe $6,956.25, as reflected in an invoice that Reed's Track Hoe issued to Mr. Dwyer describing the work performed and itemizing the hourly charge for the work. Mr. Dwyer refused to pay Mr. Reed and took the position that he would deal only with Mr. Parsons, because his oral agreement was with Mr. Parsons, not Reed's Track Hoe.

On October 28, 2011, Reed's Track Hoe filed this lawsuit against Mr. Dwyer in the General Sessions Court of Obion County. Reed's Track Hoe sought a total of $6,956.25, the cost of the demolition services Reed's Track Hoe allegedly provided to Mr. Dwyer. Mr. Dwyer represented himself in the General Sessions Court, and he has represented himself throughout these proceedings. On December 14, 2011, after a hearing, the General Sessions Court issued a judgment in favor of Reed's Track Hoe against Mr. Dwyer for $2,000. Reed's Track Hoe filed an appeal to the Circuit Court below for a trial *de novo*. ***See*** Tenn. Code Ann. § 27-5-108 (Supp. 2012).

The Circuit Court conducted a bench trial on January 4, 2012, at which the parties testified. The appellate record in this case does not include a transcript of the January 4, 2012 trial.

On January 27, 2012, the trial court entered a written order finding in favor of Reed's Track Hoe. In the order, the trial court described the evidence on which it based its decision:

> 3. . . . Jim Reed testified before the Court that there was an agreement of the parties whereupon, the Reed's [sic] provided equipment and personnel in order to tear down a building owned by Mr. Terry Dwyer that was a danger to the public. Work was performed on behalf of Reeds [sic] Track Hoe & Dozier Service by and through their employee, Roger Parsons on the old Darnell grocery store . . . . Mr. Jim Reed testified that there was an agreement to provide services by the hour as set forth in Exhibit 1 showing the bill of Reed's Track Hoe & Dozier Services in the amount of $ 125.00 per hour and $100.00 per hour for the dozier work and $100.00 per hour for the dump truck work. The Court found that the building was a rather large building and that it was in such a state that it imposed a danger to the adjacent buildings and the same was tore [sic] down using the Reeds [sic] Track Hoe & Dozier Service's equipment along with their employee, Mr. Roger Parsons.

Further, Mr. Melvin Reed testified that he was part[y] to a conversation that they [(Reed's Track Hoe)] were to provide the work by the hour, which totaled a sum of $ 6,956.25 as per Exhibit 1 in this cause. Further, Mr. Roger Parsons stated that he had discussed in length[] the contract that was to be performed by the hour and that he was an employee working for the Reeds [sic] Track Hoe Service and that the same was clearly conveyed to the original Defendant, Terry Dwyer in this cause. Further Mr. Dwyer stated in his testimony that he discussed the matter with Mr. Parsons and allowed Mr. Parsons to help tear down the building and that the equipment that was used contained the name of Reed's Track Hoe & Dozier Company on the side of it.

Thus, the trial court credited the testimony of the Reeds and Mr. Parsons in finding that the parties had entered into an enforceable oral agreement for Reed's Track Hoe to perform the demolition work for Mr. Dwyer at an hourly rate "as set forth in Exhibit 1," the Reed's Track Hoe invoice. Accordingly, the trial court held that Reed's Track Hoe was "entitled to compensation under the quantum merit [sic] services requirement." The trial court stated:

4. The Court finds that there was a contract between the parties at [sic] the Plaintiffs performed the work that was billed to Mr. Dwyer at the very least and are entitled to compensation under the quantum merit [sic] services requirement since they are entitled to payment for the services for the use and benefit of Mr. Dwyer. It is further determined that Mr. Dwyer sold the bricks from the building and testified that they were worth [the] approximate amount of $ 10,000 but however, he was only able to obtain $ 6,000.00 for said bricks.

Based on this holding, the trial court awarded Reed's Track Hoe damages of $6,956.25, the invoice total reflected in Exhibit 1.[3]

On February 6, 2012, Mr. Dwyer filed several post-trial motions: a motion to vacate or for relief from the judgment; a motion for a transcription of the record; a motion to stay enforcement of the judgment pending the resolution of the motion for relief from judgment;

---

[3]We note that the trial court's order stated that Reed's Track Hoe was entitled to "at the very least . . . quantum merit [sic]" damages. However, the equitable doctrine of *quantum meruit* can be a basis for recovery only when there is "no existing, enforceable contract between the parties covering the same subject matter." ***Doe v. HCA Health Servs. of Tenn., Inc.***, 46 S.W.3d 191, 197-98 (Tenn. 2001). Here, the trial court found that the parties had a contract — an oral agreement for Reed's Track Hoe to provide demolition services on an hourly basis — and that the hourly rates agreed upon and the work performed by Reed's Track Hoe were accurately set out in Exhibit 1, the Reed's Track Hoe invoice. Therefore, the damages awarded by the trial court were actually breach-of-contract damages, not damages based on *quantum meruit*.

and a motion to set his motions for a hearing. On February 13, 2012, the trial court entered an order denying all of the motions filed by Mr. Dwyer. Mr. Dwyer then filed this appeal.[4]

On May 28, 2012, Mr. Dwyer filed in the trial court a document entitled "Statement of the Evidence from Appellant's Recollection of Events from the General Sessions Court & Circuit Court of Obion County, Union City, Tennessee Filed Pursuant to [Tennessee Rule of Appellate Procedure] 24(c)" ("Statement of the Evidence"). This Statement of the Evidence purports to set out the details of the proceedings in the General Sessions Court and the evidence presented at the January 4, 2012 hearing in the trial court below. This Statement of the Evidence is discussed in the Analysis below.

## ANALYSIS

On appeal, Mr. Dwyer argues that the evidence preponderates against the trial court's finding that the parties entered into an enforceable oral contract for services beyond the $2,000 price he negotiated with Mr. Parsons. He claims that the trial court erred in relying on the testimony of Jim and Melvin Reed, whom he claims were non-parties to the oral agreement, and that the trial court erred in awarding Reed's Track Hoe damages in the amount of $6,956.25.[5]

As the appellant in this cause, Mr. Dwyer bears the primary burden of "supply[ing] a complete and accurate record" to support his arguments on appeal. ***Church v. Church***, 346 S.W.3d 474, 486 (Tenn. Ct. App. 2010) (quoting ***Nichols v. State***, No. W2009-00590-CCA-R3-PC, 2010 WL 669225, at *5 (Tenn. Crim. App. Feb. 25, 2010)); ***see*** Tenn. R App. P. 24(b)). Rule 24 of the Tennessee Rules of Appellate Procedure provides that, if a transcript of the evidence below is available, the appellant shall prepare the "transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the basis of appeal." Tenn. R. App. P. 24(b). Where no such transcript is available, "the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(c). The Rule also requires that "[p]roof of service shall be filed with the clerk of the trial court with the filing of the statement." ***Id.*** Under Rule 24, the appellee then has 15 days in which

---

[4]Mr. Dwyer also filed a motion to stay the judgment pending the appeal; the trial court denied that motion.

[5]Mr. Dwyer actually lists three issues on appeal, but they all amount to whether the evidence submitted at trial preponderates against the trial court's factual findings and its award of damages to Reed's Track Hoe based on those findings.

to file objections to the appellant's statement of the evidence. If no objections are filed within this 15-day period, "[t]he trial judge shall approve the transcript or statement of the evidence and shall authenticate the exhibits as soon as practicable" after expiration of the 15-day period or "in all cases within thirty days after the expiration of said period for filing objections." Tenn. R. App. P. 24(f). If the trial judge does not act within this time period, the "statement of the evidence and the exhibits shall be deemed to have been approved and shall be so considered by the appellate court." *Id.*

In this case, the trial court stated in its February 13, 2012 order that there was no court reporter present at the trial, and "there [was] no record to transcribe." Thus, no transcript was available. Consequently, Mr. Dwyer filed a Statement of the Evidence in the trial court below. Reed's Track Hoe did not file any objections to Mr. Dwyer's Statement of the Evidence, and the record does not reflect that the trial court took any action to either approve or reject it. As noted above, under Rule 24(f), under appropriate circumstances, the Statement of the Evidence is "deemed approved" if there are no objections and the trial court fails to take action within the prescribed time limits.[6]

Even assuming, without deciding, that the Statement of the Evidence must be "deemed approved" by the trial court's inaction under Rule 24, we will not consider it as a true and accurate description of what transpired in the trial court if it is deficient on its face. Rule 24 provides expressly that the statement of the evidence "should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(c). The rule contemplates that any disputes over the accuracy of a proposed statement of the evidence will be resolved by the trial court. This is for good reason, of course; the appellate court cannot know what took place at trial apart from what is in the appellate record. Where, however, the trial court has not taken action with respect to a proposed statement of the evidence, this Court should not, indeed cannot, accept the proposed statement of the evidence blindly where a review of the rest of the record shows plainly that it does not "convey a fair, accurate and complete account of what transpired" in the trial court below.

In this case, our review of the appellate record as a whole indicates that, on its face, the Statement of the Evidence filed by Mr. Dwyer does not "convey a fair, accurate and complete

---

[6]On appeal, Reed's Track Hoe asserts that Mr. Dwyer's Statement of the Evidence should be disregarded by this Court because he failed to give notice that the document was filed with the trial court. The Statement of the Evidence filed in the trial court contains a certificate of service, but neither the Statement of the Evidence itself nor the certificate of service is signed by Mr. Dwyer. There is no other indication in the record regarding whether proper notice of the filing of the Statement of the Evidence was given by Mr. Dwyer. Nevertheless, because we have found that the Statement of the Evidence is substantively inadequate, we need not address the issue of notice.

account of what transpired" in the trial court below. At the outset, we note that Mr. Dwyer's Statement of the Evidence includes a recitation of the proceedings in the General Sessions Court. There is no indication that any of the testimony adduced in the General Sessions Court was submitted by transcript in the Circuit Court, or that any of the evidence presented in the General Sessions Court was otherwise incorporated into the Circuit Court trial. Under these circumstances, the evidence from the General Sessions Court proceedings is irrelevant to this appeal and may not be considered by this Court, because "[a]n appeal from general sessions court to the circuit court results in a *de novo* trial with no presumption of correctness, and the matter is tried as if there had been no previous proceeding." *JRM Invs., Inc. v. Nat'l Standard, LLC*, No. W2011-01143-COA-R3-CV, 2012 WL 1956421, at *2 (Tenn. Ct. App. May 31, 2012) (citing *Hohenberg Bros. v. Missouri Pac. R.R. Co.*, 586 S.W.2d 117, 119 (Tenn. Ct. App. 1979)); *see* Tenn. Code Ann. § 27-5-108(c). Therefore, any discussion of the General Sessions Court proceedings in Mr. Dwyer's Statement of the Evidence must be disregarded.

Furthermore, based on our review of the record, it is clear that Mr. Dwyer's Statement of the Evidence is, on its face, an incomplete account of the trial court proceedings, because it fails to include an account of all the pertinent testimony introduced at trial. In its February 13, 2012 order denying Mr. Dwyer's post-trial motions, the trial court stated that its January 27, 2012 order "reflect[ed] in concise form the proceedings at trial." In that order, the trial court expressly credited the testimony of Jim Reed, Melvin Reed, and Mr. Parsons over the conflicting testimony offered by Mr. Dwyer. The Statement of the Evidence submitted by Mr. Dwyer, however, does not recite the testimony given by these witnesses. Mr. Dwyer obliquely acknowledges that Jim and Melvin Reed testified, in that he asserts in his proposed Statement of the Evidence that the trial court erroneously allowed them to testify. Despite this, his proposed Statement does not include a description of their testimony. Mr. Dwyer's proposed Statement of the Evidence also fails to include any description of the testimony from Mr. Parsons, whom Mr. Dwyer claims was the other party to the oral agreement at issue. To be sure, Mr. Dwyer's proposed Statement of the Evidence recounts much of his own testimony, albeit in an argumentative manner. Of course, a proposed statement of the evidence that includes only the proponent's own testimony and excludes the testimony of the other witnesses patently fails to "convey a fair, accurate and complete account" of what transpired in the trial court. Under these circumstances, we decline to consider Mr. Dwyer's proposed Statement of the Evidence.

Therefore, we are left with only the technical record filed in this appeal. This contains the parties' pleadings, the trial court's orders, and the exhibits entered into the record at trial.

"This Court's authority to review a trial court's decision is limited to those issues for which an adequate legal record has been preserved." *Taylor v. Allstate Ins. Co.*, 158 S.W.3d 929,

931 (Tenn. Ct. App. 2004) (citing **Trusty v. Robinson**, No. M2000-01590-COA-R3-CV, 2001 WL 96043, at *1 (Tenn. Ct. App. Feb. 6, 2001)). The issues Mr. Dwyer raises on appeal are premised on his assertion that the evidence submitted at trial did not support the trial court's award of damages to Reed's Track Hoe. However, "[w]ithout a complete record or sufficient statement of the evidence from which to determine whether the trial court acted appropriately, we 'must assume the sufficiency of the evidence to support the judgment.'" **Id.** (citing **Houston v. Mounger**, No. E2002-00779-COA-R3-CV, 2003 WL 22415363, at *2 (Tenn. Ct. App. Oct. 23, 2003)). Left with only the technical record, we are compelled to presume that any proper recording of the evidence submitted at trial would have supported the trial court's decision. **Sherrod v. Wix**, 849 S.W.2d 780, 784 (Tenn. Ct. App. 1992). Accordingly, we affirm the trial court's decision in this case.[7]

### CONCLUSION

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant Terry Dwyer and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[7]We note that Mr. Dwyer's appellate brief does not meet the requirements of either Rule 27 of the Tennessee Rules of Appellate Procedure or Rule 6 of the Rules of the Court of Appeals of Tennessee. It does not contain a table of contents, a table of authorities, a statement of the case, a statement of the facts, or any citations to the record on appeal. In fact, Mr. Dwyer's appellate brief is simply a photocopy of the Statement of the Evidence he submitted to the trial court. Ordinarily his appeal would be dismissed on this basis. **See Owen v. long Tire, LLC**, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011) (citing **Bean v. Bean**, 40 S.W.3d 52, 54-55 (Tenn. 2000)). However, we have elected to consider Mr. Dwyer's appeal on the basis set forth in this opinion.