# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
June 24, 2015 Session

## VALORIE K. STAPLETON v. GLEN A. STAPLETON

### Appeal from the Circuit Court of Bradley County
No. V-10-880        J. Michael Sharp, Judge

_____

### No. E2014-02014-COA-R3-CV-FILED-AUGUST 21, 2015
_____

In this post-divorce matter, the appellant challenges an award of attorney fees to his former wife in the amount of $15,591.43. We affirm the ruling of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and THOMAS R. FRIERSON, II, J., joined.

Randy Sellers, Cleveland, Tennessee, for appellant, Glen A. Stapleton.

Valorie K. Stapleton, pro se appellee.

## OPINION

## I. BACKGROUND

This appeal arises out of a divorce complaint filed by Valorie K. Stapleton ("Wife") against Glen A. Stapleton ("Husband"). After hearing countless motions and conducting a four-day trial, the court found both parties to be responsible for the demise of their marriage and granted them both a divorce in October 2013.

In its 27-page final order, the court made an equitable division of the parties' property and denied Wife's alimony request on grounds that she has not demonstrated a need for support. Upon finding Husband in willful contempt of prior court orders, the court ordered him to pay the portion of Wife's attorney fees

that in any way pertains to the filing[] of motions and/or petitions to compel and/or for contempt as to the violation of the prior court orders and/or for the filing of the motion in limine.

Otherwise, both parties were ordered responsible for their own attorney fees and one-half of the court costs. Wife subsequently requested fees per the final order in the amount of $15,591.43.

Husband thereafter objected to the attorney fee submission of Wife's attorney, alleging that the attorney fee affidavit submitted by Wife's attorney was not supported by the proof in this matter. Wife's attorney responded to this objection, providing detailed attorney fee statements with pen linings and marks, indicating the time spent on the motions and petition at issue.

After further consideration and allowing Husband's attorney to present objections, the trial court concluded that its initial ruling granting attorney fees to Wife in the amount of $15,591.43 was reasonable under the circumstances. Husband filed this timely appeal.

## II. ISSUE

We restate the issue presented in this appeal by Husband as follows:

Whether the trial court erred in its determination of attorney fees awarded in this case.

## III. STANDARD OF REVIEW

Appellate review of the trial court's decision is de novo upon the record accompanied by a presumption of correctness of the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d). A trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Southern Constructors, Inc. v. Loudon Cnty. Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). A determination of attorney fees is within the discretion of the trial court and will be upheld unless that court abused its discretion. *Kline v. Eyrich*, 69 S.W.3d 197, 203 (Tenn. 2002).

# IV. DISCUSSION

The record before us contains neither a verbatim transcript nor a Tennessee Rules of Appellate Procedure 24(c) statement of the evidence heard by the trial judge at the motion hearings, if any, or from the trial of this matter. As noted in Husband's brief, none of the motions to compel, for contempt, or in limine  -- the very motions at issue -- are included in the technical record. Statements of "facts in briefs are not evidence and not a substitute for a transcript or statement of the evidence." *Schuelke v. Gudgeon*, No. M2013-01887-COA-R3-CV, 2014 WL 4725192, at *3 (Tenn. Ct. App. Sept 23, 2014) (citing *Reid v. Reid*, 388 S.W.3d 292, 295 (Tenn. Ct. App. 2012)).

When a trial court decides a case without a jury, its findings of fact are presumed to be correct unless the evidence in the record preponderates against them. Tenn. R. App. P. 13(d). We cannot review the facts de novo without an appellate record containing the facts and must assume, had the record been preserved, it would contain sufficient evidence to support the trial court's findings. *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). Because we were favored with little upon which this court might review de novo the evidence under which the trial court sustained the attorney fee award and reduced it to a judgment, we must conclusively presume that the evidence, not preserved for our review, supported the action of the trial court.

Husband's attorney asserts that it is impossible to ascertain the proper amount of time that it would have taken for Wife's attorney to handle the motions accounted for in the attorney fees awarded by the trial court. Upon this record, however, we "cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the [Husband]'s assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 WL 177902, at *3 (Tenn. Ct. App. 2007). We "must assume the sufficiency of the evidence to support the judgment." *Taylor v. Allstate Ins. Co.*, 158 S.W.3d 929, 931 (Tenn. Ct. App. 2005).

# V. CONCLUSION

We affirm the decision of the trial court. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed to Glen Stapleton.

_____
JOHN W. MCCLARTY, JUDGE