IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 13, 2018 Session

## TINA Y. VAUGHN v. KIMBERLY DICKENS-DURHAM

Appeal from the Circuit Court for Shelby County
No. CT-000612-16  James F. Russell, Judge

_____

### No. W2017-00716-COA-R3-CV

_____

Appellant, surviving child of Decedent, brought suit against Appellee, Decedent's granddaughter, for alleged violations of the Tennessee Adult Protection Act. Appellant filed the lawsuit in her individual capacity, and the trial court dismissed the case, finding that Appellant lacked standing. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Tina Yvette Vaughn, Memphis, Tennessee, appellant, pro se.

Kimberly Dickens-Durham, Memphis, Tennessee, appellee, pro se.[1]

### MEMORANDUM OPINION[2]

_____

[1] Appellee did not file a responsive brief and did not appear at oral argument before this Court.

[2] Rule 10 of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Appellant Tina Vaughn is Appellee Kimberly Dickens-Durham's aunt. Estella Vaughn ("Decendent") is Appellant's mother and Appellee's grandmother. Decedent died on October 30, 2014. Appellant's brief contains numerous attachments, none of which are part of the appellate record. Because our review is limited to the record on appeal, we will not consider these attachments. Tenn. R. App. P. 13(d); **i**, 898 S.W.2d 177, 181 (Tenn. 1995).

In her brief, Appellant states that, in July 2013, Appellant "was unfortunately separated from her Mother, prior to that time, [Appellant] had Power-of-Attorney of her Mother and cared for her for 3 years." The record does not contain a power of attorney. Appellant's brief further states that, after she was separated from Decedent, Appellee had Decedent placed in a nursing home and fraudulently obtained "some power of attorney supposedly signed by [Decedent]." A copy of the alleged power of attorney is not in the record. After Decedent entered the nursing facility, Appellant states that Appellee kept Decedent's location from Appellant, causing Appellant emotional and physical distress.

Appellant commenced her lawsuit in the General Sessions Court of Shelby County on December 17, 2015. Appellant averred the following causes of action against Appellee: (1) "failure to protect elder;" (2) "failure to report abuse;" (3) "violation of the TN Adult Protection Act;" (4) "exploitation;" (5) "coercion;" and (6) "undue influence." The general sessions court dismissed the lawsuit on February 1, 2016, and Appellant appealed to the Shelby County Circuit Court ("trial court"). Appellant did not file a complaint (amended or otherwise) in the trial court; rather, Appellant relied solely on her general sessions' pleadings. By order of March 3, 2017, the trial court dismissed Appellant's lawsuit, finding, *sua sponte*, that Appellant lacked standing.

The sole issue on appeal is whether the trial court erred in dismissing Ms. Vaughn's lawsuit *in toto*. This is a question of law, which we review with no presumption of correctness concerning the trial court's decision. **Kelly v. Kelly**, 445 S.W.3d 685, 692 (Tenn. 2014) (citing **Armbrister v. Armbrister**, 414 S.W.3d 685, 692 (Tenn. 2013)).

Before turning to the issue, we first note that, in her appellate brief, Ms. Vaughn cites numerous facts not in the record and attaches documents that have not been made part of the trial court record. "A recitation of facts and argument in an appellate brief does not constitute evidence and cannot be considered in lieu of a verbatim transcript or statement of the evidence and proceedings." **In re M.R.**, No. M2007-02532-COA-R3-JV, 2008 WL 2331030, at *3 (Tenn. Ct. App. June 3, 2008); *see also* **Threadgill v. Bd. of Pro'l Resp**., 299 S.W.3d 792, 812 (Tenn. 2009) ("The law is clear that statements of fact made in or attached to pleadings [or] briefs ... are not evidence and may not be considered by an appellate court unless they are properly made part of the record."). Accordingly, although we take some of the foregoing facts from documents attached to Appellant's brief but not made part of the appellate record, these facts do not bear on the

ultimate disposition of the appeal. This Court has appellate jurisdiction only; and our power to review is limited to those "factual and legal issues for which an adequate legal record has been preserved." *Trusty v. Robinson*, No. M2000-01590-COA-R3-CV, 2001 WL 96043, at * 1 (Tenn. Ct. App. Feb. 6, 2001) (citing *Dorrier v. Dark*, 537 S.W.2d 888, 890 (Tenn.1976); *Trollinger v. Tenn. Farmers Mut. Ins. Co.*, No. 58, 1989 WL 22766, at *2 (Tenn. Ct. App. Mar. 17, 1989)). Our authority to review a trial court's decision is limited to those issues for which an adequate legal record has been preserved. *Taylor v. Allstate Ins. Co*., 158 S.W.3d 929, 931 (Tenn. Ct. App. 2004). "The duty to see to it that the record on appeal contains a fair, accurate, and complete account of what transpired with respect to the issues being raised on appeal falls squarely on the shoulders of the parties themselves, not the courts." *Trusty*, 2001 WL 96043, at *1 (citing Tenn. R. App. P. 24(b); *Taylor*, 158 S.W.3d at 931; *Realty Shop, Inc. v. RR Westminster Holding, Inc.*, 7 S.W.3d 581, 607 (Tenn. Ct. App. 1999); *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn.Ct.App.1997)).

Furthermore, we are cognizant that Appellant is proceeding pro se in this appeal. Courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Garrard v. Tenn. Dep't of Corr.*, No. M2013-01525-COA-R3-CV, 2014 WL 1887298, at *3 (Tenn. Ct. App. May 8, 2014) (internal citations omitted). Therefore, the courts give pro se litigants, who are untrained in the law, a certain amount of leeway in drafting their pleadings and briefs. *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 397 (Tenn. Ct. App. 1997). "Pro se litigants who invoke the complex and technical procedures of the courts assume a very heavy burden." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1989). While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, *Hodges v. Tenn. Att'y Gen*., 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not ... entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp*., 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Instead, pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere*. Diggs v. Lasalle Nat. Bank Assoc., et al*., 387 S.W. 3d 559, 563 (Tenn. Ct. App. 2012); *Brown v. Christian Bros. University*, 428 S.W.3d 38 (Tenn. Ct. App. 2013), *perm. app. denied* (Tenn. Jan. 15, 2014).

As set out in the civil warrant, *supra*, Appellant averred the following causes of action against Appellee: (1) "failure to protect elder;" (2) "failure to report abuse;" (3) "violation of the TN Adult Protection Act;" (4) "exploitation;" (5) "coercion;" and (6) "undue influence." These causes of action were brought in Ms. Vaughn's individual capacity. As noted above, Appellant did not file a complaint in the trial court but relied solely on her general sessions' pleadings. The trial court dismissed the case, finding that Appellant did not have standing to bring the lawsuit. As the Tennessee Supreme Court has explained:

The doctrine of standing is used to determine whether a particular

plaintiff is entitled to judicial relief. ***Knierim v. Leatherwood***, 542 S.W.2d 806, 808 (Tenn. 1976). It is the principle that courts use to determine whether a party has a sufficiently personal stake in a matter at issue to warrant a judicial resolution of the dispute. ***SunTrust Bank, Nashville v. Johnson***, 46 S.W.3d 216, 222 (Tenn. Ct. App. 2000). Persons whose rights or interests have not been affected have no standing and are, therefore, not entitled to judicial relief. ***Lynch v. City of Jellico***, 205 S.W.3d 384, 395 (Tenn. 2006).

"The sort of distinct and palpable injury that will create standing must be an injury to a recognized legal right or interest." ***Wood v. Metro. Gov't of Nashville and Davidson County***, 196 S.W.3d 152, 158 (Tenn. Ct. App. 2005). Such a legal right or interest may, but not must, be created or defined by statute. "[I]n cases where a party is seeking to vindicate a statutory right of interest, the doctrine of standing requires the party to demonstrate that its claim falls within the zone of interests protected or regulated by the statute in question." ***Wood v. Metro. Gov't of Nashville and Davidson County***, 196 S.W.3d at 158 (citing ***Fed. Election Comm'n v. Akins***, 524 U.S. 11, 20, 118 S.Ct. 1777, 141 L.Ed.2d 10 (1998)).

***State v. Harrison***, 270 S.W.3d 21, 27–28 (Tenn.2008).

Although the primary focus of Appellant's brief concerns allegations of emotional distress that Appellant allegedly suffered as a result of Appellee's keeping Decedent's whereabouts from Appellant or somehow abusing (or failing to protect) Decedent, these are not, in fact, the averments specified in Appellant's lawsuit. As set out above, the crux of Appellant's lawsuit involves allegations of abuse, neglect, or exploitation of the Decedent by Appellee. Accordingly, the case falls under the purview of the Tennessee Adult Protection Act, Tennessee Code Annotated § 71-6-101, *et seq.* (the "Act"). The purpose of the Act "is to protect adults . . . from abuse, neglect or exploitation by requiring reporting of suspected cases by persons having cause to believe that such cases exist." Tenn. Code Ann. § 71-6-101(b)(1). The Act is primarily a reporting statute, meaning that an individual's role thereunder is to report suspected abuse, neglect, or exploitation. The individual may do so by making a direct report to the Tennessee Department of Adult Protective Services, Tenn. Code Ann. § 71-6-103(c) ("[a]n oral or written report shall be made immediately to the department upon knowledge of the occurrence of suspected abuse, neglect, or exploitation."). Alternatively, the individual may "seek relief **for the adult** . . . by filing a sworn petition with any court with jurisdiction . . . ." Tenn. Code Ann. §71-6-124(a)(1)(A) (emphasis added). Although the Act provides different avenues for reporting suspected abuse, the goal of the Act is to obtain intervention "for the [abused] adult" not to compensate the individual who reports the abuse. Again, Appellant brought the instant lawsuit in her individual capacity based on allegations of abuse, neglect, or exploitation of the Decedent. Under the Act,

Appellant's only standing was as a reporter, and she had no cause of action to recover compensation for herself.

Tennessee Code section 71-6-120(b) does provide the abused adult with a private cause of action against the perpetrator of the abuse, to-wit:

> In addition to other remedies provided by law, an elderly person or disabled adult in that person's own right, or by conservator or next friend, shall have a right of recovery in a civil action for compensatory damages for abuse or neglect. . . . Such right of action against a wrongdoer shall not abate or be extinguished by death of the elderly person or disabled adult, but shall pass as provided in § 20-5-106, unless the alleged wrongdoer is a family member, in which case the cause of action shall pass to the victim's personal representative.[3]

Here, Appellant filed her lawsuit after Decedent's death, and the allegations involved abuse on the part of Appellee, Decedent's granddaughter (i.e., "family member"). Under the foregoing statute, any claims involving violation of the Act would "pass to the victim's personal representative." There is no evidence that Ms. Vaughn was appointed Decedent's personal representative. Here, standing is created by statute. In order to bring the lawsuit, Appellant must fall "within the zone of interests protected or regulated by the statute in question [i.e., the Act]." **State v. Harrison**, 270 S.W.3d at 28 (citation omitted). Accordingly, Appellant does not have standing to bring her lawsuit for compensatory damages for abuse, neglect, or exploitation allegedly suffered by Decedent.[4]

For the foregoing reasons, we affirm the order of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this

---

[3] "The concept of survival of actions is applicable when a person having a cause of action in contract or in tort or a person against whom such a cause of action may be asserted dies before an action has been instituted." 1 Lawrence A. Pivnick. Tennessee Circuit Court Practice § 1:18 (2017).

[4] While subject matter jurisdiction over any claims concerning Appellee's failure to report abuse against the Decedent would lie with the circuit, chancery, **or** general sessions court, Tenn. Code Ann. §71-6-114(a) ("The circuit, general sessions, and chancery courts have jurisdiction of proceedings arising under this part."), the subject-matter jurisdiction of any claim inuring to the benefit of the Decedent and involving a prayer for compensatory or punitive damages falls only to the circuit and chancery courts. Tenn. Code Ann. § 71-6-120(c) ("Jurisdiction for such action [i.e., of an elderly person (or his or her personal representative if the elder person is deceased) to recover for abuse or neglect] shall be in the circuit or chancery court where the elderly person or disabled adult may reside or where the actions occurred."). Accordingly, not only does Ms. Vaughn, who is not Decedent's personal representative, lack standing to bring a lawsuit for compensatory damages arising from the mistreatment of the Decedent, but any such lawsuit would have to be filed in either circuit or chancery court. Here, Ms. Vaughn conceded, at oral argument before this Court, that she did not file a separate lawsuit or additional pleadings in the circuit court. Rather, she relied on her general sessions court pleadings. Accordingly, any claim Ms. Vaugh made for compensatory or punitive damages would be barred for both lack of standing and lack of subject-matter jurisdiction in the general sessions court.

opinion. Costs of the appeal are assessed to the Appellant, Tina Y. Vaughn. Because Ms. Vaughn is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE