# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
January 6, 2016 Session

## AMY WONG CHAN v. HENRY WAH CHAN

**Appeal from the General Sessions Court for Blount County**
**No. S11191     Robert L. Headrick, Judge**

_____

### No. E2015-00597-COA-R3-CV-FILED-APRIL 26, 2016
_____

Amy Chan (Wife) and Henry Chan (Husband) were granted a divorce in 2005, and the division of their marital assets was reserved for a future hearing. Some ten years later, in 2015, the trial court entered an order decreeing a division as outlined in a proposal by Wife. Husband appeals, maintaining that the trial court had previously ruled from the bench that the assets would be divided based upon a proposal filed by him. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, JJ., joined.

Peter D. Van de Vate, Knoxville, Tennessee, for the appellant, Henry Chan.

Lance A. Evans, Maryville, Tennessee, for the appellee, Amy Chan.

## MEMORANDUM OPINION[1]

Wife and Husband were married in 1993. On January 21, 2004, Wife filed a complaint for divorce. On May 2, 2005, the trial court entered an order granting the parties a divorce pursuant to Tenn. Code Ann. § 36-4-129 (2001). In its order, the court reserved the division of marital assets for a future hearing.[2] Nearly ten years later, the trial court entered an order on March 17, 2015, which stated that "[t]he marital assets and liabilities shall be divided as outlined in Exhibit #9 . . . as proposed by the [Wife.]" Husband subsequently filed a notice of appeal on March 26, 2015.

On appeal, Husband maintains that, at a hearing on March 23, 2009, the trial court ruled from the bench that the marital assets and liabilities would be divided pursuant to a plan proposed by him. However, Husband has failed to include any material in the record that we can consider in support of his position.[3] A party who takes an appeal and raises issues is responsible for the preparation and filing of a record "as is necessary to convey a fair, accurate and complete account of what transpired [in the trial court] with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b); *see also* Tenn. R. App. P. 24(c) ("The statement [of the evidence] should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal.") In the absence of a proper record, we "must assume the sufficiency of the evidence to support the judgment." *Taylor v. Allstate Ins. Co.*, 158 S.W.3d 929, 931

---

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] In the same May 2, 2005 order, the trial court also reserved for a future hearing the resolution of issues pertaining to custody and child support. Those matters are not before us on this appeal.

[3] In an attempt to cure this defect, Husband filed an affidavit by his former attorney that corroborated Husband's claim that the trial court declared the marital assets and liabilities would be split according to the division proposed by Husband. However, this Court has already ruled, in an August 28, 2015 order, that the affidavit "cannot be considered as a Statement of the Evidence pursuant to Rule 24(c) or the Rules of Appellate Procedure."

(Tenn. Ct. App. 2004) (quoting **Houston v. Mounger**, No. E2002-00779-COA-R3-CV, 2003 WL 22415363, at *2 (Tenn. Ct. App. E.S, filed Oct. 23, 2003)). Further, "[i]t is well settled that a trial court speaks through its orders." **Palmer v. Palmer**, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1997). There is simply no evidence in the record to support Husband's claim that the trial court erred by using Wife's proposed division of marital assets.[4]

Finally, Wife argues at the end of her appellate brief that Husband's appeal is frivolous and that she is entitled to damages. However, Wife never raised the issue of whether Husband's appeal is frivolous in the statement of issues in her appellate brief, as required pursuant to Tenn. R. App. P. 27(a)(4):

> Courts have consistently held that issues must be included in the Statement of Issues Presented for Review required by Tennessee Rules of Appellate Procedure 27(a)(4). An issue not included is not properly before the Court of Appeals.

**Hawkins v. Hart**, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001). "We consider an issue waived where it is argued in the brief but not designated as an issue." **Childress v. Union Realty Co., Ltd.**, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002). The issue of frivolous appeal is not properly before us. Accordingly, we refuse to address it.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, Henry Wah Chan. The case is remanded, pursuant to applicable law, for enforcement of the trial court's judgment and collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[4] Even if the trial court made the statement asserted by Husband, the court was not bound by its statement. As long as the court had jurisdiction over the case, it was within its power to change its mind. **Waste Mgmt., Inc., of Tenn. v. S. Cent. Bell Tel. Co.** 15 S.W.3d 425, 429 (Tenn. Ct. App. 1997) ("Thus, as long as its judgment has not become final, the trial court may change its mind after reconsidering the proof and the applicable law"). In any event, we do not have a record of the evidence that would allow us to evaluate the preponderance of the evidence.